UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

---

JACK BOOTHE, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

NORTHSTAR REALTY FINANCE CORP., et. al.

    Defendants.

Case No. 16-cv-03742-JFM

---

## ORDER PRELIMINARILY APPROVING SETTLEMENT

**WHEREAS**, the consolidated action styled *Jack Boothe* v. *NorthStar Realty Finance Corp., et al.*, Case No. 16-cv-03742 (the "NRF Action") is pending before the Court.

**WHEREAS**, the parties to the NRF Action have applied pursuant to Rules 23, 23.1, and 41 of the Federal Rules of Civil Procedure for preliminary approval of the proposed settlement (the "Settlement") in accordance with the Stipulation of Settlement entered into by the Parties dated as of June 30, 2017 (the "Stipulation"), upon the terms and conditions set forth in the Stipulation. The Stipulation (a copy of which has been filed with the Court) contemplates, among other things, certification by the Court of a class in the NRF Action, solely for purposes of the Settlement.

**WHEREAS**, the Court, having heard arguments of counsel, having reviewed the Stipulation, its exhibits, and other submissions of the parties, having considered all of the files, records, and pleadings in this NRF Action, and being otherwise fully advised, and the parties having consented to the entry of this Preliminary Approval Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, pursuant to Rules 23, 23.1, and 41 of the Federal Rules of Civil Procedure, that:

1. The Court preliminarily approves the Settlement set forth in the Stipulation as fair, reasonable, adequate and in the best interests of the Settlement Class[1] and NRF in its capacity as nominal defendant.

2. For purposes of the Settlement only, the Court preliminarily finds and determines that this NRF Action may proceed as a non-opt-out class action pursuant to Rules 23(a), 23(b)(1) and/or (b)(2) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all record and beneficial holders of NRF's common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held NRF common stock at any time between and including May 6, 2016 and January 17, 2017, but excluding the Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of NRF, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Settlement Class" or the "Class Members"), and further preliminarily finds and determines that Jack Boothe ("Plaintiff") and the law firms of Co-Lead Counsel Brower Piven, P.C. and Faruqi & Faruqi, LLP (collectively "Class Counsel") will fairly and adequately represent the interest of the Settlement Class in enforcing their rights in the NRF Action.

3. The Court preliminarily concludes, based on the information submitted to date, that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and the NRF

---

[1] Undefined capitalized terms herein carry the meanings assigned in the Stipulation.

Action can properly be maintained for settlement purposes according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2). Specifically, the Court finds that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiff as representative plaintiff are typical of the claims of the Settlement Class; (d) the Plaintiff and his counsel have fairly and adequately protected and represented the interests of the Settlement Class; (e) prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Settlement Class.

4.    A hearing (the "Final Settlement Hearing") shall be held on _October 27_, 2017 at _9:30 AM_, in the U.S. District Court for the District of Maryland, Northern Division, at the United States Courthouse, 101 West Lombard Street, Baltimore, MD 21201, Room _TBD_ to determine (i) whether the Settlement Class should be finally certified, (ii) whether the Settlement set forth in the Stipulation should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, (iii) whether a final judgment should be entered dismissing the claims of the Plaintiff and Class Members with prejudice, as required by the Stipulation and releasing claims as required by the Stipulation, (iv) whether and, if so, in what amount to award attorneys' fees and reimbursement of expenses to Plaintiff's counsel pursuant to the Fee Application to be filed as referenced herein (if any), and (v) any objections to the Settlement and/or the Fee Application.

5.    Having reviewed the form and content of the proposed form of Notice submitted by the parties as Exhibit C to the Stipulation, the Court hereby approves such Notice and directs

that the Company shall mail, or cause to be mailed, such Notice to all Class Members who are reasonably identifiable, at their last known addresses set forth in the stock transfer records maintained by or on behalf of NRF. The mailing is to be made by first class United States mail, postage prepaid at least sixty (60) calendar days before the date of the Final Settlement Hearing. All record holders in the Settlement Class who were not also the beneficial owners of the shares of NRF common stock held by them of record are requested to forward the Notice to such beneficial owners of those shares. NRF shall use reasonable efforts to give, or cause to be given, notice to such beneficial owners by (a) making, or causing to be made, additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests copies for distribution to beneficial owners, or (b) mailing, or causing to be mailed, additional copies of the Notice to beneficial owners as reasonably requested by record holders who provide names and addresses for such beneficial holders.

6. The Court finds and determines that mailing of the Notice constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and the matters set forth in the Notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Rules 23 and 23.1 of the Federal Rules of Civil Procedure.

7. Defendants shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate State official of each State in which a Member of the Settlement Class resides and the Attorney General of the United States a notice of the proposed settlement (the "CAFA Notice") in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). Defendants are solely responsible for the costs of the CAFA Notice and administering the CAFA Notice. Not later than seven (7)

calendar days after service of the CAFA Notice, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

8. At least seven (7) calendar days prior to the Final Settlement Hearing, the Company shall cause an affidavit or declaration to be filed with the Court and served on Class Counsel certifying that the Notice has been mailed as directed in this Preliminary Approval Order.

9. All papers in support of final approval of the Settlement shall be filed with the Court and served upon all counsel of record at least thirty-five (35) calendar days prior to the date of the Final Settlement Hearing. All papers in support of any requested award of attorneys' fees and reimbursement of expenses to Class Counsel (a "Fee Application") shall be filed with the Court and served upon counsel of record at least thirty-five (35) calendar days prior to the date of the Final Settlement Hearing. Any reply papers shall be filed at least seven (7) calendar days prior to the date of the Final Settlement Hearing.

10. Any Class Member who wishes to object to the Settlement and/or the award of attorneys' fees and reimbursement of expenses to Class Counsel, or to appear at the Final Settlement Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered thereon, must serve and file a written notice of intention to appear at the Final Settlement Hearing and/or copies of any papers they ask the Court to consider in connection with issues to be addressed at the Final Settlement Hearing. Such notice of intention to appear and objections must be addressed to the Clerk of Court; must refer to the action *Jack Boothe* v. *NorthStar Realty Finance Corp., et al.*, Case No. 16-cv-03742, and must be filed with,

and received by, the Clerk of Court at least twenty-one (21) calendar days prior to the date of the Final Settlement Hearing by hand delivery or first class mail, postage prepaid, at:

>Clerk of Court
>U.S. District Court for the District of Maryland, Northern Division
>101 West Lombard Street
>Baltimore, MD 21201

Any such submission must provide a detailed statement of such person's specific objections to any matter before the Court and the grounds therefor and must include all documents and other writings such person wishes the Court to consider. Copies of any such submission and all included materials also must be served upon the following counsel by hand delivery or first class mail, postage prepaid, on or before that same date:

>Charles J. Piven (Md. Fed. Bar No. 00967)
>Yelena Trepetin (Md. Fed. Bar No. 28706)
>BROWER PIVEN, P.C.
>1925 Old Valley Road Stevenson, MD 21153
>Tel: (410) 332-0030
>Fax: (410) 685-1300
>piven@browerpiven.com
>trepetin@browerpiven.com
>
>Nadeem Faruqi
>James M. Wilson, Jr. (*pro hac vice forthcoming*)
>FARUQI & FARUQI, LLP
>685 Third Avenue, 26th Floor
>New York, NY 10017
>Tel: 212-983-9330
>Fax: 212-983-9331
>
>*Attorneys for Plaintiff Jack Boothe*
>
>and
>
>Andrew Gendron (Md. Bar No. 05111)
>VENABLE LLP
>750 E. Pratt Street, Suite 900
>Baltimore, MD 21202
>Tel: 410-244-7439
>Fax: 410-244-7742
>agendron@venable.com

Michael Holmes
VINSON & ELKINS LLP
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel: 214-220-7814
Fax: 214-999-7814

*Attorneys for Defendants NorthStar Realty Finance Corp., David T. Hamamoto, Judith A. Hannaway, Wesley D. Minami, Louis J. Paglia, Gregory Rush, and Charles W. Schoenherr*

11. No person shall be entitled to object to the Settlement, to the final judgment to be entered in this action, or to any award of attorneys' fees and reimbursement of expenses to Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required by the Notice and the terms of this Preliminary Approval Order. Any person who fails to object in the manner and by the date required shall be deemed to have waived any right to object (including any right to appeal), and shall be forever barred from raising such objections in this or any other action or proceeding.

12. From the date of this Preliminary Approval Order until the Court enters its order determining whether a final judgment should be entered on the terms required by the Stipulation, the Plaintiff and all Class Members, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.

13. All proceedings in this action, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.

14. Upon entry of final judgment after the Final Settlement Hearing, the Plaintiff and all Class Members shall be forever barred from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.

15. If the Court does not approve the Settlement, or the Settlement does not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation), any class certification herein, and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect except for the Company's obligation to pay for any expense incurred in connection with mailing the Notice and the CAFA Notice, and the NRF Action shall proceed without prejudice to any party as to any matter of law or fact, as if the MOU had not been entered into and the Stipulation had not been made and had not been submitted to the Court. Nevertheless, in such event, Class Counsel have reserved the right to apply for an award of attorneys' fees, costs and expenses and Defendants have reserved the right to oppose such an application.

16. Neither the Stipulation, any provisions in the Stipulation, any document or instrument contemplated thereby, nor any negotiations, statements or proceedings in connection therewith, shall be (i) construed as, or deemed to be evidence of, or a presumption, concession or admission on the part of the Plaintiff, any Defendant, any Class Member, or any other person of any liability or wrongdoing by them, or any of them, or (ii) offered or received in evidence in

any action or proceeding, or used in any way as a presumption, concession, admission or evidence of any liability or wrongdoing of any nature.

17. The Final Settlement Hearing may, from time to time and without further notice to Class Members, be continued or adjourned by order of the Court without further notice of any kind other than announcement at the Final Settlement Hearing or at any later hearing.

18. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties in writing, if appropriate, without further notice to the Class.

SO ORDERED.

Dated: _July 10_, 2017

_____
The Honorable J. Frederick Motz
United States District Judge