UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| JACK BOOTHE, Individually and on Behalf of All Others Similarly Situated, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| NORTHSTAR REALTY FINANCE CORP., et. al. | : Case No. 16-cv-03742-JKB |
| | : |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - -

## ORDER AND FINAL JUDGMENT

Pursuant to the Court's Order of July 10, 2017 (the "Preliminary Approval Order"), this Court (the "Court") held a hearing on October 27, 2017 (the "Final Settlement Hearing"), on the Stipulation of Settlement (the "Stipulation"), which was filed on June 30, 2017, in the above-captioned action (the "NRF Action").  The Preliminary Approval Order and the Stipulation were joined and consented to by all the parties to the NRF Action and are incorporated by reference in this Order and Final Judgment.  Due notice of the Final Settlement Hearing was given to the Settlement Class, as defined in paragraph 4 below, in accordance with the Preliminary Approval Order, and the Notice was adequate and sufficient.  The parties to the NRF Action appeared at the Final Settlement Hearing by their respective attorneys of record and were heard in support of the Settlement of the NRF Action.  All other persons desiring to be heard who properly and timely filed and served objections and/or notices of intent to appear were given an opportunity to be heard as provided in the Notice.  The entire matter of the Settlement having been considered by the Court,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this ___ day of _____, 2017, as follows:

1. Unless otherwise defined in this Order and Final Judgment, all capitalized terms shall have the meanings set forth in the Stipulation.

2. The Notice of Proposed Settlement of Class and Derivative Action and Hearing thereon (the "Notice") has been given to the Settlement Class pursuant to and in the manner directed by the Preliminary Approval Order.  Proof of the mailing of the Notice was filed with the Court, and a full opportunity to be heard has been afforded to all parties to the NRF Action, the Settlement Class, and other persons interested in the Settlement.  The Court hereby determines that the Notice previously given to Class Members constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the NRF Action, the Settlement, and the matters set forth in said Notice to all persons entitled to receive notice, and fully satisfied the requirements of due process and Federal Rules of Civil Procedure 23 and 23.1.  The Court further determines that all members of the Settlement Class are bound by this Order and Final Judgment.  Defendants further caused to be served on the United States Attorney General and all State Attorneys General notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 *et seq*. ("CAFA"), and the form and manner of that notice is hereby determined to be in full compliance with CAFA.

3. Based on the record in the NRF Action, the Court finds that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and that the NRF Action has been properly maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and/or 23(b)(2).  Specifically, the Court finds that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact

common to the Settlement Class; (c) the claims of Plaintiff as representative plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately protected and represented the interests of the Settlement Class; (e) prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Settlement Class.

4. The NRF Action is hereby finally certified as a non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of a class consisting of all record and beneficial holders of NRF common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held NRF common stock at any time between and including May 6, 2016 and January 17, 2017 (the "Class Period"), but excluding Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of NRF, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Settlement Class").  Further, the Plaintiff and the law firms of Co-Lead Counsel Brower Piven, P.C. and Faruqi & Faruqi, LLP have fairly and adequately represented the interests of the Settlement Class in enforcing their rights in the NRF Action, and are finally certified as Settlement Class representatives and Class Counsel, respectively.

5. The Settlement is found to be fair, reasonable, adequate, and in the best interests of the Settlement Class and NRF in its capacity as nominal defendant, and is hereby approved pursuant to Federal Rules of Civil Procedure 23(e) and 23.1.  The parties to the Stipulation are

hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the NRF Action.

6. The Court has jurisdiction over the subject matter of the NRF Action, including all matters necessary to effectuate the Settlement and this Order and Final Judgment, and jurisdiction over all parties to the NRF Action.

7. The NRF Action and the claims asserted therein are hereby dismissed with prejudice as to all Defendants in the NRF Action and against all members of the Settlement Class and, except as otherwise provided in the Stipulation and in paragraph 13 below, without the award of any damages, costs or fees, or the grant of any further relief.

8. All claims in the NRF Action are dismissed with prejudice against all Defendants, and the Plaintiff and all Class Members will be deemed to have forever released, relieved, settled, and discharged, fully and completely, among other things, claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type (known or unknown), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, that Plaintiff or any or all members of the Class, in his, her, or their capacity as a NRF shareholder ("Releasing Parties") ever had, now have, or may have, or otherwise could, can, or might assert, against the Defendants, David T. Hamamoto, Judith A. Hannaway, Wesley D. Minami, Louis J. Paglia, Gregory Rush, and Charles W. Schoenherr, the Colony Capital Defendants, the NRF Defendants, Colony NorthStar, Bank of

America, Evercore, Goldman, UBS or any of their respective families, parent entities, controlling persons, associates, predecessors, successors, affiliates, or subsidiaries, and each and all of their respective past or present officers, directors, executives, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, auditors, investment bankers, commercial bankers, entities providing fairness opinions, underwriters, brokers, dealers, insurers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, managers, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, and assigns, and each of their respective affiliates, controlling persons, directors, officers, employees and agents, (the "Released Parties") that relate to or challenge: (i) the Colony NorthStar Transaction, (ii) any actions, deliberations or negotiations in connection with the Colony NorthStar Transaction or any agreements, disclosures, or events related thereto, (iii) the consideration received by the Class members or any Released Parties in connection with the Colony NorthStar Transaction, (iv) the fiduciary or other obligations of the Released Parties in connection with the Colony NorthStar Transaction, (v) the fees, expenses or costs incurred in prosecuting, defending or settling the NRF Action, the Colony Capital Action, or the NSAM Action, (vi) any of the allegations in any complaint or amendment(s) thereto filed in the NRF Action, the Colony Capital Action, or the NSAM Action, (vii) the NRF Action, the Colony Capital Action, or the NSAM Action, (viii) the Merger Agreement or any preliminary or definitive joint proxy statement or other disclosures filed or distributed to unitholders or stockholders in connection with the Colony NorthStar Transaction (including without limitation the Proxy Statements and the Supplemental Disclosures, and any other materials related to the Colony NorthStar Transaction that has been or will be filed with the SEC), including without limitation any

disclosures, non-disclosures or public statements made in connection with any of the foregoing, and (ix) any and all conduct by any of the Defendants or any of the other Released Parties arising out of or relating in any way to the negotiation or execution of this Settlement, the MOU, or the Related MOUs (the "Released Claims"); *provided, however*, that the Released Claims shall not include claims by the parties to enforce the terms of this Stipulation, the Settlement, or the MOU.

9. Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, forever release Plaintiff, Plaintiff's counsel, and the members of the Class from any and all claims arising out of or relating to their filing and prosecution of the NRF Action and any Released Claims; *provided, however*, that this release shall not include the right of Defendants to enforce the terms of the Settlement.

10. The Releasing Parties shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal or foreign law or principle of common law, which may have the effect of limiting the release set forth above. This shall include a waiver by the Releasing Parties of any rights pursuant to Section 1542 of the California Civil Code (or any similar, comparable, or equivalent provision of any federal, state, or foreign law, or principle of common law), which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiff acknowledges, and the members of the Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing

waiver was separately bargained for, is an integral element of the Settlement, and was relied upon by each and all of the Defendants in entering into the Settlement.

11. Plaintiff and all other Class Members, and any of them, and anyone acting on their behalf, are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.  The Settling Parties agree to use their best efforts to prevent, stay, or seek dismissal of, or to oppose entry of any interim or final relief in favor of any member of the Settlement Class in, any other litigation that would be barred by the releases contemplated by the Stipulation, and any other litigation against any of the Settling Parties that challenges the Settlement, the Merger, or any transactions contemplated thereby, or that otherwise involves, directly or indirectly, a Released Claim.

12. Neither the Stipulation, the Settlement, this Order and Final Judgment, nor any negotiation had, act performed, or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be, or may be used or construed as, a presumption, concession or admission of, or evidence of, the validity or lack of validity of any Released Claims or any wrongdoing or liability of Defendants or a waiver of any applicable statute of limitations; (b) is or may be deemed to be or may be used or construed as a presumption, concession or admission of, or evidence of, any fault, liability or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the NRF Action, or any other action or proceeding that has been, will be, or could be brought in relation to the Released Claims, the Merger, the Merger Agreement, the Proxy Statement, or any other negotiation, deliberation, or action taken or contemplated with regard to any proposal concerning the matters

herein, nor may they or any of them or any portion of them be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the NRF Action, or in any other action or proceeding, whether civil, criminal or administrative, for any purpose other than as provided expressly herein.  Notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto, in any action to enforce the provisions of the Stipulation or in any action that may be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

13. Class Counsel are hereby awarded attorneys' fees and expenses in the amount of $328,315.81, which sum the Court finds to be fair and reasonable and which shall be paid to Class Counsel in accordance with the terms of the Stipulation.

14. The effectiveness of this Order and Final Judgment and the obligations of Plaintiff, Class Counsel, the Settlement Class, and the Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of the application for an award of attorneys' fees and expenses.

15. The Court further orders, adjudges, and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims as to all the parties in the NRF Action.

16. The Court hereby retains and reserves jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Stipulation and the Settlement.

17. In the event that this judgment does not become "Final" in accordance with paragraph 5 of the Stipulation, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order and Final Judgment shall be vacated. In such event, all orders entered in connection with the Settlement shall be null and void, and the Settlement Class shall be decertified. In such event, the NRF Action shall return to its status prior to execution of the MOU.

SO ORDERED.

Dated: _____, 2017

_____
The Honorable James K. Bredar
United States District Judge