IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JACK BOOTHE, Individually and on Behalf of All Others Similarly Situated <br><br>         Plaintiff, <br><br>    v. <br><br> NORTHSTAR REALTY FINANCE CORP., INC., *et al.*, <br><br>         Defendants. | Civil Action No. 1:16-cv-3742-JKB |

**DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE AND FOR RELIEF FROM FINAL ORDER AND JUDGMENT**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND............................................................................................. 3

    A.    The Litigation............................................................................................ 3

    B.    The Fairness Hearing and Final Judgment................................................ 4

    C.    Proposed Intervenors .............................................................................. 5

    D.    The New Company's Initial Struggles and This Motion ........................... 6

ARGUMENT .................................................................................................................... 7

    I.    The Motion to Intervene Should Be Denied. .......................................... 7

    A.    The Motion Is Untimely, and Would Unduly Prejudice Defendants......... 7

    B.    The Proposed Intervenors' Interests Were Adequately
        Represented............................................................................................ 10

    II.    Proposed Intervenors Are Not Entitled to Relief Under Rule 60(b).................... 12

    A.    Proposed Intervenors Have Not Met Their Burden to Establish
        Each of the Four "Threshold Requirements" for Relief Under Rule
        60(b). ...................................................................................................... 13

    B.    Proposed Intervenors Have Not Met Their Burden to Establish
        Any of the Additional Requirements of Rule 60(b)'s Subsections.......... 16

        1.    Proposed Intervenors Have Not Demonstrated That There
            Is New Evidence Under Rule 60(b)(2). ...................................... 16

        2.    Proposed Intervenors Have Not Demonstrated That
            Defendants Engaged in Any Misconduct Under Rule
            60(b)(3). ...................................................................................... 18

        3.    Proposed Intervenors Have Not Demonstrated the
            Extraordinary Circumstances Required for Relief Under
            Rule 60(b)(6)............................................................................... 20

CONCLUSION................................................................................................................ 21

CERTIFICATE OF SERVICE ........................................................................................ 22

# TABLE OF AUTHORITIES

**Cases**

*Almy v. Sebelius*,
749 F. Supp. 2d 315 (D. Md. 2010) ......................................................................13

*Alt v. U.S. EPA*,
758 F.3d 588 (4th Cir. 2014) .........................................................................8, 10

*Barry v. Barrack*,
No. 24-C-18-003905 (Md. Cir. Ct.) ......................................................................6

*Barry v. ColonyNorthstar, Inc.*,
CV No. 18-02888 ...................................................................................................6

*In re Brewer*,
863 F.3d 861 (D.C. Cir. 2017) ...........................................................................10

*In re Burnley*,
988 F.2d 1 (4th Cir. 1992) ..................................................................................13

*Clayton v. Ameriquest Mortg. Co.*,
388 F. Supp. 2d 601 (M.D.N.C. 2005) ...........................................13, 17, 18, 20

*Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*,
993 F.2d 46 (4th Cir. 1993) ..........................................................................12, 20

*Duplan Corp. v. Deering Milliken, Inc.*,
540 F.2d 1215 (4th Cir. 1976) ..............................................................................8

*Dvores v. NorthStar Realty Fin. Corp., et al.*,
No. 18-1001 (4th Cir.) ........................................................................................11

*Fantasyland Video, Inc. v. Cty. of San Diego*,
505 F.3d 996 (9th Cir. 2007) ..............................................................................17

*Fobian v. Storage Tech. Corp.*,
164 F.3d 887 (4th Cir. 1999) ..............................................................................12

*Gould v. Alleco, Inc.*,
883 F.2d 281 (4th Cir. 1989) .........................................................................7, 8, 9

*Gowland v. Barrack*,
No. 1:18-cv-03176-CCB (D. Md.) .........................................................................6

*Harris v. Mapp*,
    719 F. Supp. 1317 (E.D. Va. 1989) ........................................................................18

*Hous. Gen. Ins. Co. v. Moore*,
    193 F.3d 838 (4th Cir. 1999) ................................................................................8

*Iakupov v. Barrack*,
    No. 24-C-18-003233 (Md. Cir. Ct.) .......................................................................6

*Jones v. Prince George's Cty.*,
    348 F.3d 1014 (D.C. Cir. 2003) ............................................................................12

*Maguire Fin., LP v. PowerSecure Int'l, Inc.*,
    876 F.3d 541 (4th Cir. 2017) ................................................................................14

*Malinowski v. Lichter Grp., LLC*,
    165 F. Supp. 3d 328 (D. Md. 2016) ...........................................................12, 16, 20

*Miller v. Pyrites Co.*,
    71 F.2d 804 (4th Cir. 1934) ..................................................................................8

*Reaching Hearts Int'l, Inc. v. Prince George's Cty.*,
    No. 8:05-cv-01688-RWT, 2011 WL 4459095 (D. Md. Sept. 23, 2011) ................10

*Rivera v. M/T Fossarina*,
    840 F.2d 152 (1st Cir. 1988) ................................................................................17

*Schwartz v. United States*,
    976 F.2d 213 (4th Cir. 1992) ................................................................................20

*Scott v. Bond*,
    734 F. App'x 188 (4th Cir. 2018) ...................................................................7, 8, 9

*Stuart v. Huff*,
    706 F.3d 345 (4th Cir. 2013) ................................................................................7

*Teachers' Retirement System of Louisiana v. Hunter*,
    477 F.3d 162 (4th Cir. 2007) ...........................................................................14, 15

*Teague v. Bakker*,
    931 F.2d 259 (4th Cir. 1991) ................................................................................11

*United States v. Higgs*,
    193 F. Supp. 3d 495 (D. Md. 2016) ......................................................................18

*Williams v. Tero Tek Int'l, Inc.*,
    No. 1:10-cv-02752-JKB, 2013 WL 1156055 (D. Md. Mar. 20, 2013)..................13

**Rules**

Fed. R. Civ. P. 24 ......................................................................................2, 7

Fed. R. Civ. P. 60 ........................................................................... *passim*

**Other Authorities**

7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1909
    (3d ed. 2018) ...................................................................................11, 18

11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2859
    (3d ed. 2018) ...........................................................................................17

12 James Wm. Moore et al., *Moore's Federal Practice, Civil* § 60.48[2]
    (3d ed. 2013) ...........................................................................................20

## PRELIMINARY STATEMENT

Proposed Intervenors' tardy effort to upend the settlement of this case should be summarily denied. While Proposed Intervenors sat on the sidelines, the numerous parties and their teams of lawyers spent considerable hours litigating, conducting discovery, and negotiating a settlement. The Court likewise spent valuable time ensuring that the interests of all stockholders—including Proposed Intervenors—were protected: it listened carefully to those stockholders who came forward to present objections, and it scrutinized the settlement terms to ensure they were fair, adequate, and reasonable. Now, more than a year after the Court approved that settlement, Proposed Intervenors surface with a Motion to Intervene and for Relief from Final Order and Judgment that presumes to know this litigation better than the parties that actually participated in it. And rather than present evidence to support their position, Proposed Intervenors relegate the numerous requirements for their two requests to single declarative sentences buried in footnotes; they do not even bother to carry their burden to prove that they are, in fact, former stockholders with standing.

Meanwhile, the relief Proposed Intervenors seek is unprecedented. They ask the Court to rip up the settlement agreement Defendants have already paid for and fully performed under. As an "alternative," Proposed Intervenors seek an outrageously one-sided result: to maintain the obligations the settlement agreement imposed on Defendants while stripping Defendants of its benefits—i.e., the complete release Defendants bargained for. Not surprisingly, Proposed Intervenors cite no case granting such unduly prejudicial relief. Permitting a party relief from a binding settlement with the benefit of hindsight goes against the long-recognized policy of encouraging and honoring litigation compromises and ensuring finality. In any event, Proposed Intervenors' request for relief from the judgment is presumptuous: Proposed Intervenors should not be permitted into the litigation at all.

Federal Rule of Civil Procedure 24 requires Proposed Intervenors to *prove* that their request to intervene is "timely," and that those already here did not adequately represent their interests. Proposed Intervenors make neither showing. They do not dispute that they, like other stockholders, were sent notice of this litigation and the settlement over a year ago, or that they were given an opportunity then to present their objections. They chose not to object. And they offer no legitimate, factually supported reason now for that decision. When they finally decided to surface last summer, they did so only via a lawyer-sponsored amicus brief in an objector's Fourth Circuit appeal, rather than by seeking to intervene at that point and pursue the appeal themselves. They likewise do not bother to explain this choice, or the additional months they let pass before seeking intervention. Nor have Proposed Intervenors shown why their interests were not adequately presented to the Court last year. Putting aside their unsubstantiated attacks on Lead Plaintiff and Class Counsel, Proposed Intervenors make no effort to explain how the stockholders who appeared before this Court to object—and who presented the same arguments Proposed Intervenors now advance—did not represent their interests.

Even if Proposed Intervenors were permitted to join this lawsuit, they have not shown that the Court should take the extraordinary step of setting aside its final judgment under Federal Rule of Civil Procedure 60(b). They pay only lip service to the four threshold requirements for the motion—mentioning three of them in only a single footnote and ignoring the fourth altogether. And their efforts to prove the elements of any of the specific avenues for relief from judgment fall flat. They cannot point to any "fraud" or "misconduct" by Defendants, or to any evidence that existed last year but to which they had no access, or to any extraordinary circumstances warranting relief.

In sum, Proposed Intervenors have demonstrated no right to intervene in this settled and closed litigation and no basis to vitiate the Court's final judgment. The Court should deny the motion in its entirety.

## FACTUAL BACKGROUND

### A.     The Litigation

This class action began on November 18, 2016, as a challenge to a tri-party merger of Colony Capital, Inc., NorthStar Asset Management Group, Inc. ("NSAM"), and NorthStar Realty Finance Corp., which formed Colony NorthStar, Inc. (n/k/a Colony Capital, Inc.) ECF No. 1.[1] A month later, Lead Plaintiff gave notice to the Court that the parties had agreed to settle the case "subject to plaintiff's completion of satisfactory confirmatory discovery and the Court's approval," along with some additional points to be negotiated. ECF No. 4, at 1. The settlement involved supplemental disclosures by Defendants to provide additional valuable information in advance of the stockholder vote on the proposed merger. *See* Exhibit 1 to ECF No. 4. The parties sought preliminary approval of the settlement on June 30, 2017. ECF No. 10. Their motion detailed the steps the parties had taken to settle the lawsuit and included Class Counsel's assessment of the disclosures' value. *See* ECF No. 10-2, at 16.

The Court preliminarily approved the settlement on July 7, 2017, and ordered that Jack Boothe would be Lead Plaintiff and his counsel would serve as Class Counsel. *See* ECF No. 11,

---

[1] For the Court's convenience, Defendants cite Proposed Intervenors' motion, memorandum in support, and exhibits by their corresponding CM/ECF docket numbers and do not resubmit the exhibits submitted therewith. Defendants submit their own exhibits, authenticated by the accompanying December 4, 2018, declaration of counsel (Ex. 1), and identified by number rather than letter to distinguish them from Proposed Intervenors' exhibits. Unless otherwise noted, all internal quotation marks and citations and original alterations in quoted passages are omitted; all emphasis is added; and all citations to previous filings are as paginated by the CM/ECF system.

at 2.[2]  The Court scheduled the fairness hearing for October 27, 2017, and directed Defendants to mail notice of the proposed settlement to all putative class members.  *Id.* at 3–4.  The Court also set a deadline—three weeks before the fairness hearing—for objections to the proposed settlement.  *Id.* at 5–6.  The Court warned that failure to meet the objection deadline would constitute a waiver of objections, so that anyone who did not object by the deadline would "be forever barred from raising such objections in this or any other action or proceeding."  *Id.* at 7.  Two class members—Howard Hoffman and Lawrence Dvores—filed objections to the settlement.  *See* ECF Nos. 17 & 18; Case No. 16-cv-3745, ECF Nos. 22 & 23.

On October 19, 2017, Defendants filed an affidavit from Jose C. Fraga, a Senior Director at Garden City Group ("GCG"), which had been retained to distribute the settlement notice.  ECF No. 22-1, at 1.  Mr. Fraga testified that GCG had provided the required notice to class members, either through direct mailing based on issuer data or data provided by nominee holders, or through mailing to the nominee holders.  *Id.* at 2–3.

### B.  The Fairness Hearing and Final Judgment

On October 27, 2017, the Court held the fairness hearing.  *See* Ex. 2 (Hr'g Tr.).  There, the Court discussed several aspects of the proposed settlement, including the scope of the release, *id.* at 10:5–8, and whether the consideration Defendants were providing justified the release, *id.* at 17:24–18:1.  Class Counsel explained his judgment that, based on the confirmatory discovery and his analysis of the case law, this was a favorable settlement for class members; among his reasons was his assessment that there were no viable claims for damages based on the merger

---

[2] Proposed Intervenors incorrectly suggest a violation of the PSLRA because, they say, "[n]o lead plaintiff was appointed here."  ECF No. 36-1, at 20 n.19.

disclosures. *Id.* at 10:9–13:3. Defense counsel, for his part, explained the parties' negotiations and the extensive discovery taken after entering into the settlement agreement. *Id.* at 18:5–21.[3]

Next, the Court heard from the two objectors in attendance, Messrs. Dvores and Hoffman, the latter by his counsel, Philip Robinson. Mr. Dvores objected to the sufficiency of the disclosures and to Lead Plaintiff's decision not to pursue a breach-of-fiduciary-duty claim for damages. *See id.* at 21:8–16, 22:11–23:7. He also questioned whether the settlement notice was sufficient because it had been sent to record owners (i.e., brokers) and took "weeks" to get to him. *Id.* at 23:11–25:15. Mr. Robinson likewise argued that the release was too broad, particularly in light of the settlement consideration, *id.* at 30:21–31:14, and likewise criticized the notice, *id.* at 33:1–7. After considering these arguments and the responses, the Court concluded that the notice was adequate and the settlement "was fair, reasonable, and adequate." ECF No. 30, at 3.[4] The final judgment was entered on November 29, 2017, *id.*, and Mr. Dvores filed a notice of appeal on December 28, 2017, ECF No. 31.

### C. Proposed Intervenors

Proposed Intervenors are Michael Bumgardner, William Pennington, John Wood, and Marjorie Wood. ECF No. 36-1, at 1. They are alleged to be former stockholders of NorthStar Realty Finance, one of the three merger parties. *Id.* at 2. They submit no evidence, however, to support this allegation. Defendants have confirmed that Messrs. Bumgardner and Pennington were stockholders, and that notice of the settlement was mailed directly to them. *See* Ex. 3 ¶ 7 (Decl. of Stephanie Amin-Giwner). Based on the information provided in the motion and

---

[3] Proposed Intervenors erroneously assert that the Court was never told when the confirmatory discovery took place. ECF No. 36-1, at 20. In fact, the Court was told that the confirmatory discovery occurred after the settlement. Ex. 2 at 8:14–20.

[4] Mr. Robinson also complained about the proposed attorneys' fees award, which, upon advice of the Court, was subsequently reduced. *See* Ex. 2 at 41:17–42:5, 51:18–22.

publicly available sources, Defendants have been unable to ascertain whether the Woods were in fact stockholders who would have received the notice. Stockholders often receive the notice of settlement from their brokers or nominees, and when they do their names are not given to the defendants or the company engaged to distribute the notice. *See, e.g.*, Ex. 3 ¶ 5.

### D. The New Company's Initial Struggles and This Motion

The merger that Lead Plaintiff challenged closed on January 10, 2017. The newly formed company has struggled to realize many of the hoped-for benefits from integration of its three predecessors. On March 1, 2018, Colony NorthStar, Inc., filed its 2017 10-K, which showed a large non-cash impairment charge against the goodwill booked on the balance sheet following the merger. ECF No. 36-12 (Ex. I).

Securities litigation soon followed. Stockholders filed a Section 10(b) case in the Central District of California (*Barry v. ColonyNorthstar, Inc.*, CV No. 18-02888) and derivative actions in Baltimore City and this court (*Iakupov* v. *Barrack*, No. 24-C-18-003233 (Md. Cir. Ct.); *Barry v. Barrack*, No. 24-C-18-003905 (Md. Cir. Ct.); *Gowland v. Barrack*, No. 1:18-cv-03176-CCB (D. Md.)). These actions challenge public statements and business decisions made after the merger. In July 2018, Proposed Intervenors filed lawsuits in California state court challenging the very issues that had already been resolved here: pre-merger disclosures that were the subject of the settlement agreement and release. *See* ECF Nos. 36-4 & 36-5 (Exs. A & B).

Meanwhile, Proposed Intervenors were "assisting objector Dvores in his appeal," and their counsel filed an amicus brief in the appeal on July 27, 2018. ECF No. 36-1, at 22 & ECF No. 36-16 (Ex. M). Proposed Intervenors did not move to intervene in the appeal, and the appeal was later dismissed. *See* ECF No. 36-16. Almost two months later—and two weeks shy of expiration of Rule 60(b)'s one-year repose period—Proposed Intervenors filed this motion,

seeking to intervene as of right under Rule 24, and relief from the final judgment under Rule

60(b).  ECF No. 36.

## ARGUMENT

### I.       The Motion to Intervene Should Be Denied.

Proposed Intervenors' request for relief fails at the threshold, because they have not

established that they should be allowed to join the litigation at all.  Any request to intervene must

be brought "[o]n timely motion."  Fed. R. Civ. P. 24(a), (b).  And to obtain the intervention as of

right that they seek, Proposed Intervenors must also establish, among other things, that their

"interest is not adequately represented by existing parties to the litigation."  *Stuart v. Huff*, 706

F.3d 345, 349 (4th Cir. 2013); Fed. R. Civ. P. 24(a)(2).  This motion fails on both grounds.

### A.       The Motion Is Untimely, and Would Unduly Prejudice Defendants.

"Timeliness is a central consideration when deciding a motion to intervene, and a

movant's failure to seek intervention in a timely manner is sufficient to justify denial of such

motion."  *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018); *accord Gould v. Alleco, Inc.*, 883

F.2d 281, 286 (4th Cir. 1989) (affirming rejection of intervention request on timeliness grounds).

"A proposed intervenor should move to intervene as soon as it becomes clear that his interests

would no longer be protected by the named class representatives."  *Scott*, 734 F. App'x at 191.

The parties agree that in assessing timeliness the Court should consider "how far the suit has

progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in

moving to intervene."  ECF No. 36-1, at 21 (quoting *Bond v. Cricket Commc'ns, LLC*, No. 2017-

cv-15-923-MJG, 2017 WL 4838754, at *5 (D. Md. Oct. 26, 2017)).  All of these factors militate

against intervention here.

First, this suit was filed over two years ago, and has progressed to conclusion.  As the

Fourth Circuit has explained, "the timeliness requirement is intended to prevent an intervenor

from derailing a lawsuit within sight of the terminal." *Alt v. U.S. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). This lawsuit arrived at the terminal in 2017, when final judgment was entered. "Although entry of final judgment is not an absolute bar to filing a motion," it requires an especially "strong showing" to justify intervention. *Hous. Gen. Ins. Co. v. Moore*, 193 F.3d 838, 840 (4th Cir. 1999) (affirming denial of intervention request on timeliness grounds). Where, as here, the intervention proposed would not only derail a lawsuit, but would contradict the well-established federal policy favoring litigation settlements and finality, Proposed Intervenors cannot make this showing. *See, e.g.*, *Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1221 (4th Cir. 1976) (recognizing "sound judicial policy which requires that settlements be encouraged, not discouraged"); *Miller v. Pyrites Co.*, 71 F.2d 804, 810 (4th Cir. 1934) ("Compromises of disputed claims are favored by the court and, when fairly entered into, are final.").

Not surprisingly, courts routinely deny as untimely an intervention request made after a settlement has been reached. *See, e.g.*, *Scott*, 734 F. App'x at 191 (intervention untimely when parties had notified court of settlement); *Gould*, 883 F.2d at 286 (intervention untimely when motion was filed between preliminary and final approval of proposed class settlement). Here, a settlement was not only reached; it was publicized, scrutinized, and adjudged by this Court to be "fair, reasonable, and adequate." ECF No. 30, at 3. Proposed Intervenors have not cited a ***single*** case in which a party was permitted to intervene after a final settlement was approved by a district court.

Second, because this matter was litigated to settlement and finality a year ago, the parties would be unduly prejudiced by the proposed intervention. They and this Court spent considerable time and resources litigating, negotiating the settlement, documenting it, providing

notice of it, and addressing the objections. As the Court was advised, the parties "did their diligence," engaged in "hard fought negotiations" and "extensive discovery," reached a fair settlement, and "came to a meeting of the minds on the disclosures" presented to the Court. *See* Ex. 2 at 18:5–19:12. The Court found the proposed settlement fair, adequate, and reasonable, and that it had value to both sides, *see id.* at 41:14–15, 42:23–43:1. Third parties should not be allowed to barge in a year later and disrupt all of this hard work. *See Scott*, 734 F. App'x at 192 (explaining that unraveling settlement constitutes "prejudice" to existing parties). Proposed Intervenors offer no basis for denying Defendants, let alone the parties, the benefit of their bargain. And as the Fourth Circuit explained in *Gould*, allowing one to intervene to disrupt a settlement would prejudice the parties by causing "substantial additional litigation." 883 F.2d at 286–87. Notably, the settlement in *Gould* had not yet been approved when the court denied the motion to intervene. Here the parties and the Court are well beyond that stage. Proposed Intervenors provide no explanation for why they should be permitted to unravel the parties' and the Court's work simply because they would have preferred a different outcome.

Third, Proposed Intervenors offer no excuse for their tardiness. This litigation has been public for two years, and stockholders were given notice—already found to be adequate notice by the Court—of the settlement a year ago. *See* ECF Nos. 24 & 26. Moreover, it is undisputed that notice was mailed directly to the two Proposed Intervenors confirmed to be former NorthStar Realty Finance stockholders. *See* Ex. 3 ¶ 7. Proposed Intervenors say only that "none of the [Proposed] Intervenors has any recollection of receiving" notice. ECF No. 36-1, at 8. And although they state this proposition (without evidentiary support), Proposed Intervenors do not argue that this memory failure excuses their delay. Instead, they advance (i) their personal opinion that somehow doing nothing in the two years since the lawsuit was filed was "act[ing]

diligently"; and (ii) the unsupported assertion that, despite the settlement notice they indisputably received, they "were not aware of the settlement." *Id.* at 22. Proposed Intervenors do not explain how this is possibly so in light of the settlement notice that went to class members, and they provide no detail on when and how they did become "aware."[5] Indeed, they admit that they "assist[ed] objector Dvores in his appeal," pointing to an amicus brief their counsel filed this past summer. *See id.* But that proves only that **they have been** "aware of the settlement" since this past summer **at the latest**. So they could have filed this motion a long time ago. Or they could have moved to intervene in the Fourth Circuit, while the appeal was pending, rather than merely filing an amicus brief. *See In re Brewer*, 863 F.3d 861, 871 (D.C. Cir. 2017) ("There is no question we may address the question of intervention in the first instance on appeal."). "Stated plainly, [Proposed Intervenors] admit[] that [they] gambled and lost in the execution of [their] litigation strategy. Such deliberate forbearance understandably engenders little sympathy." *Alt*, 758 F.3d at 591–92 (affirming denial of motion to intervene). Proposed Intervenors should not be rewarded for sitting out this litigation.

### B.     The Proposed Intervenors' Interests Were Adequately Represented.

Intervention should also be denied because Proposed Intervenors have not shown that their interests were not adequately represented by the Lead Plaintiff or the objectors who appeared before the Court last year. "[W]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Reaching Hearts Int'l, Inc. v. Prince George's Cty.*, No. 8:05-cv-01688-RWT,

---

[5] At some point, Proposed Intervenors obviously became aware of the settlement; yet they are silent about when and how they became aware.

2011 WL 4459095, at *4 (D. Md. Sept. 23, 2011) (quoting *Commonwealth of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)).  Proposed Intervenors had the same interest as all other class members.  *See* 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1909 (3d ed. 2018) ("A typical example [where] … the interest of the absentee is identical with that of one of the existing parties … is a class action, in which all of the members of the class have precisely the same interest.").  Proposed Intervenors do not suggest otherwise.  *See* ECF No. 36-1, at 22 (acknowledging their interest in litigation and settlement without suggesting that it differed from Lead Plaintiff's).  Proposed Intervenors therefore must establish some real reason—i.e., "adversity of interest, collusion, or nonfeasance"—why their interests were not adequately represented.[6]

Proposed Intervenors' one-sentence argument does not satisfy this burden.  They say only that the settlement was flawed because the lead plaintiff released "valuable" claims while "procuring nothing for the shareholders" and obtaining an attorneys' fee.  *See* ECF No. 36-1, at 22.  Nothing about these assertions suggests "collusion" or "nonfeasance."  Nor is there an "adversity of interest," because, even crediting Proposed Intervenors' unsubstantiated assertion that Lead Plaintiff put his attorneys' interests ahead of his own, *id.*, others objected to the settlement.  It is undeniable that Proposed Intervenors' arguments were presented at the fairness hearing by the two class members who objected.  *See* Ex. 2 at 30:23–31:14, 45:21–24.  One objector even pursued the arguments on appeal.  *See Dvores v. NorthStar Realty Fin. Corp., et*

---

[6] Proposed Intervenors do not acknowledge this burden, but instead cite to *Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991), which generally characterized the inadequacy-of-representation burden as "minimal" in the unique circumstances of that case.  *Teague* explicitly distinguished cases in which "a presumption of adequate representation arises" because the intervenors share a common objective with the existing parties.  *Id.* at 262.  Proposed Intervenors cannot explain how their interest or objective differs from the Lead Plaintiff's. Moreover, in *Teague*, the parties sharing the intervenors' interest were *pro se*, incarcerated as fraudsters, or both.  *See id.*

*al.*, No. 18-1001, Doc. 28-1, at 3–5 (4th Cir. June 25, 2018) (summarizing objector Dvores's arguments). Proposed Intervenors do not suggest that these two objectors—one represented by counsel—did not adequately represent their interest. In any event, "[a] mere difference of opinion concerning the tactics with which the litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit." *Jones v. Prince George's Cty.*, 348 F.3d 1014, 1020 (D.C. Cir. 2003). If absent parties were allowed to intervene long after a class-action settlement had been approved by a district court just because they dislike the settlement, then every settlement-approval decision would be open to re-litigation by untimely objectors. Proposed Intervenors offer no compelling argument and no admissible evidence supporting this extraordinary position.

## II. Proposed Intervenors Are Not Entitled to Relief Under Rule 60(b).

Proposed Intervenors' request under Rule 60(b) to disturb this Court's final judgment should also be denied. "As the Court of Appeals for the Fourth Circuit has recognized, the Rule 60(b) remedy is 'extraordinary' and should only be granted in 'exceptional circumstances.'" *Malinowski v. Lichter Grp., LLC*, 165 F. Supp. 3d 328 (D. Md. 2016) (Bredar, J.) (quoting *In re A.H. Robins Co.*, 166 F.3d 1208, 1998 WL 904717, at *1 (4th Cir. 1998) (per curiam) (unpublished table disposition)). Indeed, the Fourth Circuit has gone so far as to opine that such motions are often "meritless." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999).

Proposed Intervenors agree that, to obtain relief under Rule 60(b), they "must satisfy threshold conditions: (1) the motion must be timely; (2) a meritorious claim must exist; and (3) the opposing party must not be unfairly prejudiced." ECF No. 36-1, at 10 n.12 (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993), and *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987)). Although they do not mention it, they must also

show "exceptional circumstances" before their motion can be considered. *See, e.g.*, *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). After these "threshold requirements," Proposed Intervenors must also establish one of the six bases for relief under Rule 60(b). *Almy v. Sebelius*, 749 F. Supp. 2d 315, 338 (D. Md. 2010). The Proposed Intervenors appear to rely on parts (2) ("newly discovered evidence"), (3) ("fraud, misrepresentation, or other misconduct of an adverse party"), and (6) ("any other reason justifying relief") of Rule 60(b). *See* ECF No. 36-1, at 10–11, 16 n.17, 18–19. They "must clearly establish the[se] grounds," which "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992). Proposed Intervenors' request fails at every turn.

### A. Proposed Intervenors Have Not Met Their Burden to Establish Each of the Four "Threshold Requirements" for Relief Under Rule 60(b).

Although Proposed Intervenors bear the burden on every aspect of their motion, they make almost no attempt to satisfy any of the threshold conditions for consideration of their Rule 60(b) motion, addressing three of them in only a single footnote and not even bothering to acknowledge the fourth. *See* ECF No. 36-1, at 10 n.12. For this and other reasons, Proposed Intervenors have not met their burden on any of the four requirements.

*Timeliness.* To be timely, the Rule 60(b) motion "must be made within a reasonable time," and within an absolute one-year deadline for some motions. Fed. R. Civ. P. 60(c). Proposed Intervenors "bear[] the burden to show timeliness and must offer a 'satisfactory explanation' for any delay." *Clayton v. Ameriquest Mortg. Co.*, 388 F. Supp. 2d 601, 606 (M.D.N.C. 2005) (quoting *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 253 (4th Cir. 1974)). "The Fourth Circuit has upheld denials of 60(b) motions that were filed as little as two and one-half months after entry of the judgment or order from which relief was sought." *Id.* (collecting cases). Thus, Rule 60(c)'s one-year deadline represents "the outer limit" of time to

file a Rule 60(b) motion. *Williams v. Tero Tek Int'l, Inc.*, No. 1:10-cv-02752-JKB, 2013 WL 1156055, at *1 (D. Md. Mar. 20, 2013). All that Proposed Intervenors say is that "the timing of the motion is also 'reasonable' for the reasons set forth *infra* regarding the timeliness of the intervention motion." ECF No. 36-1, at 10 n.12. Because, for the reasons described above, their two-sentence argument on the timeliness of their intervention motion, *id.* at 22, is insufficient, the request for relief under Rule 60(b) should be denied on this basis alone.

*Meritorious Claim.* As with timeliness, Proposed Intervenors pay mere lip service to their burden to show that they have "meritorious" claims here; the word appears only in a single footnote. And their "argument" is simply to point to their Securities Act complaints in California state court. *See* ECF No. 36-1, at 10 n.12. But a complaint that has not yet even survived a motion to dismiss is not evidence of a meritorious claim; meritless securities actions get filed and dismissed for failure to state a claim all the time. That is why Congress reformed the securities laws, because securities suits "can be employed abusively to impose substantial costs on companies and individuals whose conduct conforms to the law," and "every rosy corporate prognostication generate[s] potential liability." *Maguire Fin., LP v. PowerSecure Int'l, Inc.*, 876 F.3d 541, 546 (4th Cir. 2017) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007)) (affirming 12(b)(6) dismissal of securities claim). Proposed Intervenors' failure to even articulate an argument, much less submit supporting evidence, about why their Securities Act claims are meritorious dooms their motion.

Moreover, Proposed Intervenors' Securities Act complaints are ripe for dismissal on the pleadings. Proposed Intervenors' claim that the disclosures must have been false or misleading because the merger's first year did not go as well as planned is nothing more than hindsight second-guessing. The Fourth Circuit's decision in *Teachers' Retirement System of Louisiana v.*

*Hunter*, 477 F.3d 162 (4th Cir. 2007), is on point.  There, the Fourth Circuit explained that, although "[i]n hindsight, [company] employees likely regretted the [] acquisition, . . . this does not mean [the company] knew *ex ante* that the investment would sour."  *Id.*  "A failed venture, standing alone, does not permit a reasonable inference of fraud"; the plaintiff therefore had not sufficiently pleaded "that [the company] made any misleading disclosures with respect to the [] transaction."  *Id.* at 181, 182 (affirming dismissal on grounds that complaint failed to sufficiently allege that false statements were made).  The Court went on to explain that the case was precisely why securities laws had been reformed: courts need to "separat[e] claims based simply on market risks from claims based on actual fraud."  *Id.* at 189.  And here Proposed Intervenors and other class members were explicitly warned about the risks of the merger in the proxy statement that was the subject of this lawsuit.  *See* Ex. 4 at 151–52.  Proposed Intervenors have not shown why their after-the-fact complaint about the prospects for the merger constitutes a "meritorious" claim sufficient to disturb this Court's final judgment.

   ***Lack of Prejudice.***  Proposed Intervenors assert that Defendants will not be prejudiced because Defendants were able to complete the merger, and "did not give up anything in the settlement."  ECF No. 36-1, at 10–11 n.12.  This argument fails both factually and legally.  First, Defendants gave consideration in the settlement—consideration that caused the Court to find the settlement "fair, reasonable, and adequate."  ECF No. 30, at 3.  Among other things, Defendants gave the class additional disclosures and wrote a check for nearly $1 million in court-approved attorneys' fees.  Second, Rule 60(b)'s prejudice question is not about the merger; it is about *this settlement*, which Defendants bargained for and performed on.  As explained, depriving a party of the benefit of her bargain—or canceling a completed litigation settlement—is prejudice to the party.  To suggest otherwise would mean that every settlement is open to reexamination under

Rule 60 on the thinnest of grounds. Proposed Intervenors do not even attempt to explain how Defendants would not be prejudiced by having the Court, over a year after the fact, eviscerate a settlement that Defendants paid for and performed on, and that would protect Defendants against certain types of future litigation.[7]

**_Exceptional Circumstances._** Proposed Intervenors do not even mention the "exceptional circumstances" requirement, and therefore cannot satisfy their burden to demonstrate it. In any event, Proposed Intervenors were already given an opportunity, along with the other class members, to lodge their objections to the settlement. They have not offered a legitimate explanation for their decision not to do so. Their failure to act in a timely manner does not constitute "exceptional circumstances." *See Malinowski*, 165 F. Supp. 3d at 334 (denying Rule 60(b) relief on this ground).

### B. Proposed Intervenors Have Not Met Their Burden to Establish Any of the Additional Requirements of Rule 60(b)'s Subsections.

Proposed Intervenors' failure to meet the threshold requirements for relief under Rule 60(b) requires denial of their motion. But even if they had met those requirements, they are still not entitled to relief because they have not met their burden under the specific provisions of Rule 60(b) that they invoke: Rule 60(b)(2), (b)(3), and (b)(6).

### 1. Proposed Intervenors Have Not Demonstrated That There Is New Evidence Under Rule 60(b)(2).

Proposed Intervenors agree that, to set aside the final judgment on the basis of newly discovered evidence, they must prove that:

---

[7] Proposed Intervenors oddly note that Plaintiffs would not be prejudiced by voiding the settlement because they might ultimately obtain a favorable judgment or a more lucrative settlement. *See* ECF No. 36-1, at 10 n.12. But Proposed Intervenors are seeking to intervene *as plaintiffs*, so they must show that there would be no prejudice *to Defendants*. *See id.* (acknowledging that "the *opposing party* must not be unfairly prejudiced").

> (1) the evidence is newly discovered since the judgment was entered;
> (2) due diligence on the part of the movant to discover the new evidence has
> been exercised; (3) the evidence is not merely cumulative or impeaching;
> (4) the evidence is material; and (5) the evidence is such that would require
> the judgment to be amended.

ECF No. 36-1, at 18 (quoting *Clayton*, 388 F. Supp. 2d at 608–09). Here, the supposedly new

evidence is the company's March 2018 disclosure of its goodwill impairment and the subsequent

stock-price drop, *see* ECF No. 36-1, at 18–19, which Proposed Intervenors characterize as a

"revelation," *id.* at 9. Because "evidence that was not in existence at the time of the judgment" is

not "newly discovered evidence" within the meaning of Rule 60(b)(2), and these events occurred

four months after the Court entered its final-judgment order, they cannot be newly discovered

evidence. *See, e.g.*, *Fantasyland Video, Inc. v. Cty. of San Diego*, 505 F.3d 996, 1005 (9th Cir.

2007) (rejecting Rule 60(b)(2) relief on this ground); *accord Rivera v. M/T Fossarina*, 840 F.2d

152, 156–57 (1st Cir. 1988) (collecting cases); *see also* 11 Charles Alan Wright & Arthur R.

Miller, *Federal Practice and Procedure* § 2859 (3d ed. 2018) (under Rule 60(b)(2), "the

evidence must have been in existence at the time of the trial").

Moreover, the terms of the merger and the risks in the transaction were fully disclosed.

Ex. 4 at 151–52. "[E]vidence that was available to the movant prior to the entry of judgment as a

matter of law cannot be grounds for granting a 60(b)(2) motion." *Clayton*, 388 F. Supp. 2d at

609. And if the Proposed Intervenors did not know about this evidence, it is because they were

not diligent in searching for it, and their motion should be denied on that basis. *See id.* Proposed

Intervenors have also not explained why this evidence is "material" or "would require the

judgment to be amended." Nothing about the "revelation" suggests that class members would be

entitled to additional relief. A settlement is by definition a compromise resolution, most often

made when both sides believe that their positions have value. Proposed Intervenors' opinion that

class members' claims had more value than Lead Plaintiff and his counsel attributed to them

does not change the settlement calculus. Indeed, the settlement agreement contains—as every modern-day settlement agreement does—an explicit waiver of unknown or unsuspected claims, even if they are material. ECF No. 30, at 6–7. Once again, Proposed Intervenors cannot cite a single case in support of their claim that new evidence can justify voiding a settlement agreement under Rule 60(b)(2). *See* ECF No. 36-1, at 19 (citing only *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996), which involved relief from summary judgment; and *Dillon v. Maryland-Nat'l Capital Park & Planning Comm'n*, No. 2007-cv-04-994-WGC, 2007 WL 4557850 (D. Md. Mar. 9, 2007), which involved relief from a jury verdict).

### 2. Proposed Intervenors Have Not Demonstrated That Defendants Engaged in Any Misconduct Under Rule 60(b)(3).

Proposed Intervenors mention Rule 60(b)(3) only once, in a footnote, and offer little basis for relief under that prong. *See* ECF No. No. 36-1, at 16 n.17. Nor do they acknowledge that "to obtain relief under 60(b)(3) a moving party must 'prove misconduct by clear and convincing evidence' and establish that 'the misconduct prevented the moving party from fully presenting its case.'" *Clayton*, 388 F. Supp. 2d at 608 (quoting *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994)). Their silence alone dooms this claim. In any event, for the following reasons, their unsubstantiated allegations and mischaracterizations of statements made by counsel during the fairness hearing come nowhere near the "very high bar" of the "clear and convincing evidence" standard. *See United States v. Higgs*, 193 F. Supp. 3d 495, 513 (D. Md. 2016).

First, Proposed Intervenors complain only about Class Counsel's conduct. *See* ECF No. 36-1, at 12–18. For conduct to fall under Rule 60(b)(3), it must have been committed by the *adverse party*'s counsel. *See Harris v. Mapp*, 719 F. Supp. 1317, 1326 (E.D. Va. 1989). Counsel for Lead Plaintiff and the class are obviously not adverse to absent class members such

as Proposed Intervenors.  *See* Wright & Miller, 7C *Fed. Prac. & Proc. Civ.* § 1909.  For this reason alone, Proposed Intervenors cannot meet their burden under Rule 60(b)(3).

Second, the Court already rejected Proposed Intervenors' meritless complaints about the adequacy of Class Counsel's advocacy and negotiating skills.  These complaints certainly do not rise to the level of "fraud" or "misconduct" within the meaning of Rule 60(b)(3).  Nor do they suggest that Proposed Intervenors were unable to present their case; Proposed Intervenors were given notice of the settlement terms about which they complain and had every opportunity to object.  Similarly, Proposed Intervenors' claim that Class Counsel made "factually incorrect representations," because he concluded that the class had no viable monetary claims, *see, e.g.*, ECF No. 36-1, at 7, fails.  It is not fraud, or misconduct, to judge the merits of one's claims differently, and there is no basis to conclude that Class Counsel did not adequately represent the class.

Third, Proposed Intervenors cannot prove that Class Counsel misled the Court about the scope of the release.  *See* ECF No. 36-1, at 15–16.  The release's terms were obviously before the Court in the settlement agreement, and the Court understood its scope.  *See* Ex. 2 at 30:21–31:6 (objector arguing, "[W]hy is the release there?  They're releasing all sorts of potential claims.").  Moreover, Proposed Intervenors' assertion that Class Counsel told the Court that "no claims with monetary damages were being released," ECF No. 36-1, at 2 (emphasis omitted), is baseless.  Proposed Intervenors can cite nothing in the hearing transcript supporting this accusation, because Class Counsel never said this.  And in any event, the Court considered the actual release language in approving the settlement—language that states explicitly that class members were giving up their damages claims.  *See* ECF No. 30, at 4.  Even if, for the sake of

argument, there were a stray misstatement by Class Counsel, that cannot trump the actual agreement the Court approved.

### 3. Proposed Intervenors Have Not Demonstrated the Extraordinary Circumstances Required for Relief Under Rule 60(b)(6).

Proposed Intervenors present one final attempt to obtain the unjustified relief they seek: Rule 60(b)(6)'s catchall provision. But "[a] motion under 60(b)(6) may be granted only upon the movant's showing of 'extraordinary circumstances.'" *Clayton*, 388 F. Supp. 2d at 607. And, as usual, "[t]he burden is on [Proposed Intervenors] to show that extraordinary circumstances exist," with "material offered in support of [the] Rule 60(b)(6) motion . . . [that is] highly convincing." *Id.* Notably, Rule 60(b)(6) and Rule 60(b)'s other provisions are mutually exclusive. "If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)–(5), those reasons will not justify relief under Rule 60(b)(6)." 12 James Wm. Moore et al., *Moore's Federal Practice, Civil* § 60.48[2] (3d ed. 2013).

Proposed Intervenors offer only two arguments that can conceivably be considered distinct from those under Rule 60(b)(2) and (b)(3): lack of notice and general criticism of disclosure-only settlements. *See* ECF 36-1, at 12–15 & 19–20. But the Court already rejected both of these arguments. *See* Ex. 2 at 34:10–18, 42:23–43:1. "[W]hen a Rule 60(b) motion does not raise new arguments, but merely urges the court to change its mind, relief is not authorized." *Malinowski*, 165 F. Supp. 3d at 334. If Proposed Intervenors thought they could have done a better job presenting their arguments than others might, their time to do so was at the fairness hearing. While they may now regret their decision to hang back, "strategic decisions made during the course of litigation provide no basis for relief under 60(b)(6), even though with hindsight they appear [to the movant to be] wrong." *Schwartz v. United States*, 976 F.2d 213,

218 (4th Cir. 1992). And Proposed Intervenors cannot now seek with Rule 60(b)(6) what should have been the subject of a timely appeal. *Dowell*, 993 F.2d at 48 ("It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal."). They could have moved to intervene in the appeal to present their arguments—rather than settle for an amicus brief—but their regret is not enough to void a settlement under Rule 60(b).

## CONCLUSION

For the foregoing reasons, this Court should deny Proposed Intervenors' extraordinary and dilatory request to disrupt settled proceedings simply because they do not agree with how Lead Plaintiff and Class Counsel handled the case on their behalf.

Dated: December 4, 2018

        /s/  Andrew Gendron        
        Andrew Gendron, Fed. Bar No. 05111
          AGendron@Venable.com
        Elizabeth C. Rinehart, Fed. Bar No. 19638
          ECRinehart@Venable.com
        VENABLE LLP
        750 East Pratt Street, Suite 900
        Baltimore, Maryland 21202
        T: (410) 244-7400
        F: (410) 244-7742

        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 4, 2018, I electronically filed the foregoing with the Court using the CM/ECF system and that all counsel of record will be served with copies thereof through that system.

I further certify that I sent a courtesy copy of the foregoing to chambers through overnight mail.

   /s/ Andrew Gendron      
Andrew Gendron
